FILED
SUPERIOR COURT
OF GUAM

2012 MAY 15 AM 10: 23

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM,

   vs.

FRANKLIN B. ATOIGUE,

           Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF0098-12**

**DECISION AND ORDER**

This matter came before the HONORABLE VERNON P. PEREZ on April 25, 2012. Attorney Joaquin C. Arriola Jr. appeared representing Defendant Franklin B. Atoigue, who was present. Attorney General Suzanne K. Horrigan appeared on behalf of the Government. Having reviewed the pleadings, the record and the arguments presented, the Court now issues the following Decision and Order.

## BACKGROUND

Defendant Franklin B. Atoigue (hereinafter "Defendant") is accused of Burglary and Theft of Property after the Police discovered an incriminating laptop computer from Defendant's place of residence. Police were lead to Room 101 at the Golden Motel after making arrests and searches of other individuals believed to be related to Defendant's alleged illegal activity. There is conflicting testimony as to the circumstances of the Police entry to the residence and exactly how the laptop was provided to the Police. Defendant now argues that the Police illegally searched the residence and argues for suppression of the laptop from use at trial. There is no question that the Police entered the residence without a search warrant. The issue to be decided by this Court is whether Defendant's Constitutional rights have been violated by the Police when they entered and discovered incriminating evidence while searching Defendant's place of residence?

## DISCUSSION

### I.    Search of Defendant's Place of Residence

Expectation of Privacy

Defendant claims that the search of his residence constituted a violation of the 4th Amendment. "Searches and seizures inside a home without a warrant are presumptively unreasonable." *Groh v. Ramirez*, 50 U.S. 541, 559 (2004). Thus, the Court must begin with the presumption of an unreasonable search and move forward from there. The Government has the burden to prove that an exception to the warrant requirement exists. The potential relevant exception here is voluntary consent by a fellow resident with equal ability as Defendant to give consent to search the motel unit. First, the Court must address the expectation of privacy Defendant had in the home and in the bag in which he stored the laptop at issue. The discovery of the laptop will be addressed separately in section two of this decision. When reviewing one's expectation of privacy, the Supreme Court of the United States put forth two factors. One, did the Defendant exhibit an actual expectation of privacy as shown by his conduct and two, does society recognize a reasonable expectation of privacy? *Bond v. United States*, 529 U.S. 334, 338 (2000). There is no greater expectation of privacy than in one's home and that rule extends to a hotel or motel room. *Stoner v. California*, 376 U.S. 483, 490 (1964).

Defendant's co-residents consented to the entry and at least one witness verified that by her own statements. Ms. Blas was also renting Room 101 and she said "go ahead" when the Police asked to enter the residence. Witness Testimony on April 20, 2012 at 2:46p.m.. In fact, Ms. Blas explained that all remaining residents consented to the Police entering the motel room. The Court does recognize that this version of facts is different from William Perez' testimony, which indicated that the Police just "stormed in". *See* Testimony. The matter of suppression

rests on this key factual contradiction. Here, the Court finds Ms. Blas highly believable as she said that she did not know the Defendant as well as her fiancé, Mr. Perez, who testified with the alternate story. Ms. Blas had no reason to lie on the stand. In cases of contradictory witnesses, the Court may elect to give greater credence to one witness and the Court finds Ms. Blas convincing. Here, the Court concludes that the Police were given consent by someone appearing to be a rightful possessor of the property. Therefore, there is an exception to the expectation of privacy met here, which is consensual search. The Court finds that the search of the residence was done under an exception to the warrant requirement. The search of the house was done through voluntary consent of individuals "possessing authority". *Georgia v. Randolph*, 547 U.S. 103, 109 (2006). Defendant's 4th Amendment rights were not violated by the activity of the Police. The Government has satisfied the burden of proving voluntary consent as to the entry by the Police into the residence.

State Action and the 4th Amendment

The Court finds that State Action is present here as the Guam Police Department were directly involved in conducting the search and seizure of Room 101. *See U.S. v. Jacobsen*, 466 U.S. 109, (1984).

**II.     Discovery of the Laptop**

The Court will apply the same expectation of privacy analysis to the discovery of the laptop as used for the entry of Defendant's place of residence above. Here, Defendant failed to show a desire to keep the laptop private. Defendant did not protest to the handing over of his computer or request the return of the computer from the Police after it was taken. Additionally, Defendant kept his laptop in a location available to others in the residence. By leaving the laptop in Jaimelynn Blas's bag, he lost the expectation of privacy to the laptop which was

immediately available to several other people. Also, the laptop was handed over to the Police upon request and at no point was there a contest to the turning over of the laptop by any member of the residence or Defendant. The discovery of the laptop occurred when a third party handed over the laptop in a bag no longer maintaining the expectation of privacy while simultaneously providing the Police with probable cause to search the bag. As to the second factor, the Court does not believe that society would recognize a reasonable expectation of privacy in the bag belonging to a third party. Someone cannot hide evidence to a crime by transferring possession to another and arguing that his expectation to privacy survives that transfer. The Court finds that society would not reasonably expect privacy in a bag readily accessible and belonging to fellow residents. Thus, Defendant should have been aware that his right to privacy does not continue with the transfer of property to other persons.

Good Faith

The Court finds that the Police lawfully performed their duties in all steps involving Defendant's arrest and the search of his place of residence. Even if in violation, the Court also finds that the Police acted in good faith while conducting the arrest of Defendant and subsequent search of his place of residence. The Police, appear to the Court, to have requested consent from a resident of Room 101 before entering. The Police also acted in good faith in obtaining the laptop as Mr. Perez handed over the bag containing the laptop after a Police Officer inquired of the laptop. Therefore, even if Defendant maintained an expectation of privacy in a residence he shared with others and in the bag that belonged to another individual, the Police conducted themselves in good faith and the laptop is still admissible at trial. *See Davis v. U.S.*, 131 S.Ct. 2419 (2011). If Mr. Perez lacked authority to consent to a search of the bag or the laptop, the Police had probable cause that the laptop was Defendant's illicit

possession and likely the same laptop that the Police were looking for because Mr. Perez told the Police it belonged to Defendant at the same time while providing the laptop to the Police.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion to Suppress. Parties will return for Pre-trial Conference on May 22, 2012 at 9:00a.m..

So **ORDERED** this 15th day of May, 2012.

Original Signed By:
HON. VERNON P. PEREZ

HONORABLE VERNON P. PEREZ
JUDGE, SUPERIOR COURT OF GUAM

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

Dated at Hagåtña, Guam

MAY 1 5 2012
20

Jacqueline S.C. Terlaje
Deputy Clerk, Superior Court of Guam

/ /

/ /

/ /

/ /

/ /